Joseph R. Dunn (SBN 238069)
jrdunn@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel:    858-314-1500
Fax:    858-314-1501

Attorneys for James Welling, Creditor/Plaintiff

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ROMI JESSICA KIMELL,<br><br>                Debtor. | Case No. 15-04479-CL7<br><br>Chapter 7<br><br>Adversary No. 15-90182-CL |
| JAMES WELLING,<br><br>                Plaintiff,<br><br>v.<br><br>ROMI JESSICA KIMELL,<br><br>                Defendant. | **STIPULATION FOR ENTRY OF JUDGMENT OF NONDISCHARGEABILITY**<br><br>Courtroom: 5<br>Judge:    Hon. Christopher B. Latham |

      Plaintiff and creditor James Welling ("Welling"), on the one hand, and defendant and debtor Romi Jessica Kimell ("Debtor"; together with Welling, the "Parties"), on the other hand, by and through their respective undersigned counsel, hereby submit this stipulation (the "Stipulation") and request that the Court enter judgment in favor of Welling and against the Debtor as set forth hereinbelow:

## RECITALS

      WHEREAS, on July 2, 2015, the Debtor commenced a chapter 7 case (the "Chapter 7 Case") in the U.S. Bankruptcy Court for the Southern District of California (the "Bankruptcy Court");

69996150v.1

WHEREAS, on November 20, 2015, Welling filed a claim against the Debtor's estate in the amount of at least $657,199.40 (the "Claim"), including a claim of $600,000.00 based on the Debtor's theft of that amount of Welling's funds from Welling's residence, exclusive of interest and attorneys' fees;

WHEREAS, on October 15, 2015, Welling commenced the above-captioned adversary proceeding against the Debtor (the "Adversary Proceeding"), seeking a judgment that Welling's Claim against the Debtor is not dischargeable under Sections 523(a)(6) and 523(a)(4), and objecting to the Debtor's discharge under Sections 727(a)(3), 727(a)(5) and 727(a)(4)(A);

WHEREAS, on April 19, 2017, the Debtor was convicted of larceny by the Superior Court for Essex County, Massachusetts, Criminal Division (the "Criminal Case"), for theft of Welling's funds, which conviction is currently on appeal by the Debtor (the "Appeal");

WHEREAS, notwithstanding her conviction, the Debtor disputes the allegations set forth in the Adversary Proceeding, and denies she stole funds from Welling's residence; however, due to the risk and cost of litigating the Adversary Proceeding, Debtor is willing to settle this Adversary Proceeding by stipulating to judgment against her as set forth in the Judgment attached hereto as **Exhibit A** and Amended Judgment attached hereto as **Exhibit B**;

WHEREAS, for purposes of this Stipulation and entry of judgment against her in the Adversary Proceeding, the Debtor stipulates to the accuracy of the following facts (the "Stipulated Facts"):

   a. On or about April 27, 2014, the Debtor took at least $600,000.00 cash (the "Funds") from Welling's residence at 5 Chatham Circle, North Andover, Massachusetts;
   b. The Funds were the property of Welling;
   c. The Debtor had no right to the Funds, nor permission to take the Funds from Welling or his residence; and
   d. The Debtor took the funds unlawfully, with the intent to deprive Welling of possession and use of the Funds;

69996150v.1

NOW, THEREFORE, in light of the Stipulated Facts, and otherwise for good and valuable consideration, the adequacy of which is hereby acknowledged by the Parties, the Parties hereby stipulate and agree as follows:

**STIPULATION**

1. The above Recitals, the accuracy of which are hereby confirmed by the Parties, are incorporated by reference as if set forth in full.

2. The Parties agree to and hereby request from the Court entry of judgment against the Debtor as follows:

   a. The Judgment attached hereto as Exhibit A shall be entered in favor of Welling and against the Debtor in the amount of $600,000 (the "Stipulated Debt");

   b. Pursuant to the Judgment, the Stipulated Debt (i) shall be nondischargeable under 11 U.S.C. § 523(a)(4) as a debt for larceny (as that term is used in 11 U.S.C. § 523(a)(4)), (ii) shall not be discharged by virtue of any discharge entered in the Debtor's pending Chapter 7 Case, and (iii) shall not be dischargeable in the event of any subsequent case commenced by or against the Debtor at any time under Chapter 7, Chapter 11 or Chapter 13, or any other applicable Chapter under title 11 of the United States Code in any jurisdiction;

   c. The Judgment shall accrue post-judgment interest at the applicable Federal judgment rate from entry until payment in full.

3. The Debtor hereby waives all rights to seek judicial review of, or otherwise challenge or contest the validity of, the Judgment.

4. The Parties agree that immediately upon execution by the Parties and their respective counsel of this Stipulation, the Judgment attached hereto as Exhibit A and the Amended Judgment attached hereto as Exhibit B, the Debtor may file a motion (the "Seal Motion") seeking permission from the Bankruptcy Court to file the Stipulation with Exhibits under seal in the Adversary Proceeding, which relief has been requested by the Debtor and Welling does not oppose.

69996150v.1

5. In the event the Court grants the Seal Motion, this Stipulation and Exhibits shall be filed by the Debtor under seal as directed by the Court within two (2) calendar days of entry of the order on the Seal Motion. In the event the Debtor fails to timely file this Stipulation and Exhibits pursuant to this section, Welling may file the same under seal as directed by the Court in its order on the Seal Motion.

6. In the event the Court denies the Seal Motion, (i) the Debtor shall not, and waives any right to, appeal such denial, and (ii) the Debtor shall file the Stipulation with Exhibits in the public record within two (2) calendar days of entry of the order on the Seal Motion. In the event the Debtor fails to timely file this Stipulation and Exhibits pursuant to this section, Welling may file the same in the public record.

7. The Debtor agrees that, regardless of whether the Court grants the relief sought in the Seal Motion, in the event any person (including the Debtor) contests enforcement of the Judgment on the basis that the Judgment does not include factual findings consistent with the Stipulated Facts, Welling may request the Court, on an *ex parte* basis and with twenty-four (24) hours' notice to the Debtor, enter the Amended Judgment (the "Request for Amendment"). The Request for Amendment shall be supported by a declaration from Welling or his counsel setting forth the unpaid principal amount of the Judgment and interest accrued thereon, which amounts shall be inserted into the form of Amended Judgment presented for entry by the Court. The Debtor shall not, and waives any right to, contest entry of the Amended Judgment, except with respect to the amount of the unpaid principal amount and interest accrued thereon. The Debtor agrees to entry of the Amended Judgment upon the filing by Welling of a Request for Amendment in compliance with this section. The Debtor hereby waives all rights to seek judicial review of, or otherwise challenge or contest the validity of, the Amended Judgment.

8. The Bankruptcy Court shall maintain jurisdiction to enforce the terms of this Stipulation, the Judgment and, if applicable, the Amended Judgment.

9. Nothing in this Stipulation, Judgment or Amended Judgment, including the Stipulated Facts, are intended to or shall have any affect, or be deemed an admission by the Debtor,

-4-

69996150v.1

in the Criminal Case or the Appeal (including, if the Appeal is successful, any further proceedings with respect to such Criminal Case), and any Stipulated Facts are agreed to by the Debtor only for purposes of this Stipulation and the Judgment.

Dated: July 19, 2017

_____
James Welling, Creditor/Plaintiff

Dated: July 19, 2017

_____
Romi Jessica Kimmel, Debtor/Defendant
Kimell

Dated: July 19, 2017

_____
Joseph R. Dunn
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

Attorneys for James Welling, Plaintiff

Dated: July 19, 2017

_____
Fanny Cherng
Seneca Law Group
Attorneys for Defendant Romi Jessica Kimmel
Kimell

-5-

69996150v.1

# EXHIBIT A

| | |
|---|---|
| 1 | Joseph R. Dunn (SBN 238069) |
| | jrdunn@mintz.com |
| 2 | **MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.** |
| | 3580 Carmel Mountain Road, Suite 300 |
| 3 | San Diego, CA 92130 |
| | Tel:     858-314-1500 |
| 4 | Fax:    858-314-1501 |
| 5 | Attorneys for James Welling, Creditor/Plaintiff |

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 15-04479-CL7 |
| ROMI JESSICA KIMELL, | Chapter 7 |
| Debtor. | Adversary No. 15-90182-CL |
| | **JUDGMENT OF NONDISCHARGEABILITY** |
| JAMES WELLING, | |
| Plaintiff, | Courtroom: 5 |
| v. | Judge:    Hon. Christopher B. Latham |
| ROMI JESSICA KIMELL, | |
| Defendant. | |

Pursuant to that certain settlement reached by and between plaintiff and creditor James Welling ("Welling"), on the one hand, and defendant and debtor Romi Jessica Kimell ("Debtor"; together with Welling, the "Parties"), on the other hand, as reflected in that certain Stipulation for Entry of Judgment of Nondischargeability filed in the above-captioned action (the "Stipulation"),

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Judgment is entered in favor of Welling and against the Debtor in the principal amount of $600,000.00 (the "Nondischargeable Debt").

2. The Nondischargeable Debt is hereby deemed and shall be nondischargeable by the Debtor under 11 U.S.C. § 523(a)(4) as a debt for larceny (as that term is used in 11 U.S.C. §

69996113v.1

523(a)(4)). The Nondischargeable Debt shall not be discharged by virtue of any discharge entered in the Debtor's pending Chapter 7 Case or in any subsequent case commenced by or against the Debtor at any time under Chapter 7, Chapter 11 or Chapter 13, or any other applicable Chapter under title 11 of the United States Code in any jurisdiction.

3. The unpaid principal amount of the Nondischargeable Debt shall accrue post-judgment interest at the applicable Federal judgment rate from entry of this Judgment until payment in full.

4. The Debtor waives and shall have no right to seek judicial review of, or otherwise challenge or contest the validity of, this Judgment.

5. This Bankruptcy Court shall maintain jurisdiction over the Parties and this action for purposes of enforcing the terms of this Judgment and the Stipulation.

Dated: _____

Hon. Christopher B. Latham,
United States Bankruptcy Judge

**AGREED TO FORM AND SUBSTANCE:**

Dated: 7/25/17

_____
Romi Jessica Kimmel, Debtor/Defendant
Kimell

Dated: 7/27/17

_____
Fanny Cherng
Seneca Law Group
Attorneys for Defendant Romi Jessica Kimmel
Kimell

-2-

69996113v.1

# EXHIBIT B

Joseph R. Dunn (SBN 238069)
jrdunn@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel:    858-314-1500
Fax:    858-314-1501

Attorneys for James Welling, Plaintiff

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ROMI JESSICA KIMELL,<br><br>                Debtor.<br><br>JAMES WELLING,<br><br>                Plaintiff,<br><br>v.<br><br>ROMI JESSICA KIMELL,<br><br>                Defendant. | Case No. 15-04479-CL7<br><br>Chapter 7<br><br>Adversary No. 15-90182-CL<br><br>**AMENDED JUDGMENT OF NONDISCHARGEABILITY**<br><br>Courtroom: 5<br>Judge:    Hon. Christopher B. Latham |

        Pursuant to that certain settlement reached by and between plaintiff and creditor James Welling ("Welling"), on the one hand, and defendant and debtor Romi Jessica Kimell ("Debtor"; together with Welling, the "Parties"), on the other hand, as reflected in that certain Stipulation for Entry of Judgment of Nondischargeability filed in the above-captioned action (the "Stipulation"); and good cause having been shown by Welling, pursuant to the Stipulation, for entry of this Amended Judgment,

        **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

        1.    This Amended Judgment shall amend, superseded and be deemed effective as of the date of entry of the original Judgment entered pursuant to the Stipulation (the "Judgment Date").

69996136v.1

2.   Judgment is entered in favor of Welling and against the Debtor in the principal amount of $600,000.00 (the "Nondischargeable Debt") as of the Judgment Date.

3.   Pursuant to the Stipulation, the Debtor agrees to the following factual findings (the "Stipulated Facts") in support of the relief granted herein:

    a.   On or about April 27, 2014, the Debtor took at least $600,000.00 cash (the "Funds") from Welling's residence at 5 Chatham Circle, North Andover, Massachusetts;

    b.   The Funds were the property of Welling;

    c.   The Debtor had no right to the Funds, nor permission to take the Funds from Welling or his residence; and

    d.   The Debtor took the funds unlawfully, with the intent to deprive Welling of possession and use of the Funds;

4.   The Nondischargeable Debt is hereby deemed and shall be nondischargeable by the Debtor under 11 U.S.C. § 523(a)(4) as a debt for larceny (as that term is used in 11 U.S.C. § 523(a)(4)). The Nondischargeable Debt shall not be discharged by virtue of any discharge entered in the Debtor's pending Chapter 7 Case or in any subsequent case commenced by or against the Debtor at any time under Chapter 7, Chapter 11 or Chapter 13, or any other applicable Chapter under title 11 of the United States Code in any jurisdiction.

5.   The unpaid principal amount of the Nondischargeable Debt shall accrue post-judgment interest at the applicable Federal judgment rate from the Judgment Date until payment in full.

6.   The Debtor waives and shall have no right to seek judicial review of, or otherwise challenge or contest the validity of, this Amended Judgment.

/ / /

/ / /

/ / /

/ / /

/ / /

69996136v.1

7. This Bankruptcy Court shall maintain jurisdiction over the Parties and this action for purposes of enforcing the terms of this Amended Judgment and the Stipulation.

Dated: _____

Hon. Christopher B. Latham,
United States Bankruptcy Judge

AGREED TO FORM AND SUBSTANCE:

Dated: 7/25/17

Romi Jessica Kimmel, Debtor/Defendant
Kimell

Dated: 7/22/17

Fanny Cherng
Seneca Law Group
Attorneys for Defendant Romi Jessica Kimmel
Kimell

-3-

69996136v.1